Opinion op the Court.
TfíIS.case was formerly before this court, on an ap.peal taken by the complainant from a decree of the circuit-court, dismissing the bill on a demurrer to it; and, as will be seen by adverting to the report of the case, 1 Marsh. 477, the decree was reversed, - and the cause remanded for further proceedings. When the cause went back, the defendant answered, and the circuit court, on a final hearing, refused to decree a re-scisión of the contract; but decreed the defendant to pay to the complainant $2 per acre, with interest, for S3 3-4 acres, which the defendant alleged he had obtained and sold, of the land contained in the survey assigned to him, -and from that decree the complainant has again appealed to this court. ' ‘
By the errors assigned, it is insisted, that the circuit 'Court erred: 1st. In not rescinding the contract; or, if that was improper, in not decreeing the stipulated price for the whole land: And 2dly. In not enforcing a lien upon the land, for the sum decreed.
The substance of the contract being slated in the former opinion, we have not thought it needful again to repeat it, and shall only notice, occasionally, such parts of it as may have a bearing on the points made.
The grounds for rescinding the contract, as charged in the bill, are, 1st. The delay of the defendant in causing the survey on Daniel’s entry to be registered, and a patent therefor to be issued, whereby others having later surveys on vague and void entries, obtained elder grants, interfering with it: And 2dly. The failure of the defendant to institute suits for the recovery of the Jand frocn those having interfering claims..
*422 The first of these grounds is dearly untenable. In the contract assigned to the complainant, the defendant is not bound to have the survey registered, and the patent issued; but if he had been, there appears tq have been no delay in having it done; for the contract bears date on the 7th of November, 1799, and the patent issued on the 21st of May, 1800, leaving an intervening period of a little more than six months, within less than which time after the survey was returned to the register’s office, a patent could not by law have been issued.. Besides, there is not a particle of proof to show, that any of the elder patents upon the land, were obtained in virtue of surveys made of a later date than that of the survey on Daniel’s entry, and, of course, no injurious consequence could have resulted from the delay in obtaining the patent, if there had been any.
It is equally clear, that the second ground assumed irt the bill for the rescisión of the contract, is untenable. The whole of the tract, except the 53 and 3-4 acres for which the defendant was decreed to pay, is covered by elder patents, and there is not only no sufficient affirmative evidence to show that the entry of Daniel-could be sustained; but, as far as a negative could well be proved, it is demonstrated that the entry was vague and uncertain, and could not be supported; and it appears, too, that shortly after entering into the contract, the defendant consulted three different lawyers, distinguished in their profession, all of whom, without hesitation, gave their opinion that the claim of Daniel was hopeless, and advised him against bringing suits against the interfering claimants. Now, according to the plain import of the contract, the defendant was bound only t© bring suit for such part of the land as could be recovered. The language of the contract is, that the defendant “ is to institute suits, as soon as the nature of the case will admit of, for to recover said land, or as much of it as is recoverable, by virtue- of said Daniel’s claim.” From this language, the inference is obvious, that it was the intention of the parties, that suits should be brought only for so much of the land as was recoverable. Any other construction would render the latter alternative unmeaning and inoperative; and as the entry could not be sustained, it is clear that no part of the land within elder adverse patents could be recovered. We concur, therefore, with the circuit *423 court, in the opinion that there is no sufficient cause for rescinding the contract, and it follows, as a necessary consequence, from what has already been observed, that the complainant is not entitled to a decree for more than was decreed by the circuit court; for the defendant was bound to pay for only so much of the land as he should recover, and having in fact recovered no more than that for which he was decreed to pay, and being, as we have seen,' in no default for not recovering more, he can, upon no rational principle, be made liable for more.
Whether the circuit court erred in not enforcing a lien upon the land for the sum decreed, is a question of more doubt. There is, indeed, no doubt but that the complainant had in equity a lien upon the land, in the hands of the defendant, for the purchase money; and although the defendant has'alleged that he had sold the land, yet, as there is no proof of the allegation, it cannot be tafeen to be true. But the bill does not claim an enforcement of the lien, nor is it framed for that purpose. It contains no suggestion of the insolvency of the defendant, or that he has not other property sufficient to satisfy the demand; nor does it insist upon the lien, or ask for the land to be made subject to be sold for the purpose of satisfying the sum which might be decreed. On a bill thus framed, we are inclined to think that it was not erroneous not to enforce the lien on the land for the sum decreed.
The decree must be affirmed with costs.